UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CLEAR CHANNEL COMMUNICATIONS, INC.; and CC MEDIA HOLDINGS, INC.<br>    Plaintiffs<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS, INC.; CITICORP USA, INC.; CITICORP NORTH AMERICA, INC.; MORGAN STANLEY SENIOR FUNDING, INC.; CREDIT SUISSE SECURITIES USA, LLC; RBS SECURITIES CORPORATION; WACHOVIA INVESTMENT HOLDINGS, LLC; WACHOVIA CAPITAL MARKETS, LLC; and DEUTSCHE BANK SECURITIES INC.<br>    Defendants. | CIVIL ACTION NO. SA-08-CA-0251-OG |

## PLAINTIFFS' EMERGENCY MOTION FOR REMAND AND REQUEST FOR EXPEDITED RULING

Plaintiffs request an *immediate* remand of this matter to Texas State Court, because (1) the parties are not of diverse citizenship, so there is no subject matter jurisdiction and removal was improper, and (2) any delay of a decision on the merits of this case will only compound the already immeasurable and irreparable injury Plaintiffs have suffered. The matter involves many issues that must be resolved on an emergency basis, as there are unique opportunities and assets and more than *$26 billion* at stake. Defendants' removal to Federal Court is nothing more than an attempt to frustrate and stall any progress in the case, and to avoid the Temporary Restraining Order entered on March 26, 2008 and attached hereto as Exhibit 1, along with an April 8, 2008 injunction hearing set in Texas State Court.

Citing ***no authority whatsoever*** in support of its fabricated basis for removal, Defendants engage in what amounts to fraudulent *removal* of this matter.[1] Defendants seek to remove the case to what is, by their own arguments, yet *another* improper forum – The Western District of Texas—for Plaintiff CC Media Holdings, Inc. ("CC Media"). In doing so, Defendants improperly attempt to utilize a "fraudulent joinder" argument as the sole basis for removal. However, Defendants fail in this attempt to use the Federal Court to stall these proceedings. Rather, Defendants have, in essence, conceded that a cause of action exists between them and Plaintiff CC Media – a non-diverse Plaintiff – a concession that in and of itself defeats the Defendants' fraudulent joinder arguments in their entirety.[2]

For each of these reasons and to protect Plaintiffs' rights, the Court should disregard Defendants' unsupported arguments relating to fraudulent joinder and ***immediately*** remand the case to State Court where the suit was properly filed.

<b><u>ARGUMENTS AND AUTHORITIES</u></b>

*<u>REQUEST FOR EXPEDITED RULING</u>*

1.      Plaintiffs request that the Court rule on their Emergency Motion For Remand in an expedited manner because Defendants' Notice of Removal is frivolous and was filed in bad faith to (1) avoid the effects of a temporary restraining order executed on March 26, 2008 and (2) delay or even *escape* the hearing on Plaintiffs' request for temporary injunction. Therefore, Plaintiffs request that the Court ***immediately*** remand this case to State Court so that it may proceed with the State Court temporary injunction hearing.

---

[1] On March 26, 2008, Plaintiffs filed Plaintiff's Verified Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction; Request for Expedited Discovery; and Request for Expedited Trial ("Petition") (attached as Exhibit A to the Defendants' Notice Of Removal) in the 225th Judicial District Court of Bexar County, Texas, seeking an injunction prohibiting Defendants from interfering further in the Merger Agreement between Clear Channel and CC Media. On March 27, 2008, Defendants filed their Notice of Removal [Docket No. 1]. Plaintiffs file the foregoing Motion to Remand and Motion for Expedited Ruling within 30 days of the filing of the Notice of Removal.

[2] Defendants make no attempt to argue that CC Media has failed to state a cause of action. Rather, Defendants' only argument is that the causes of action asserted by CC Media were filed in the wrong forum. Therefore, by omission, Defendants concede that a cause of action exists.

*TIME IS OF THE ESSENCE*

2.      This lawsuit stems from Defendants' tortious interference with Plaintiffs' contract which, if allowed to continue and succeed, could result in immeasurable damages exceeding the parties' agreement for **$26 billion**.  Plaintiff Clear Channel Communications, Inc. ("Clear Channel") and CC Media are parties to a $26 billion definitive Agreement And Plan Of Merger (the "Merger Agreement"). As a result of the Merger Agreement, Plaintiff CC Media will become the owner of Clear Channel and Clear Channel's shareholders will receive **$19.5 billion**.

3.      The opportunity to acquire Clear Channel is uniquely valuable and irreplaceable. Clear Channel is a leading U.S. media company that owns over 900 radio stations. In that, alone, it is an asset that cannot be replaced. In addition, Clear Channel is the largest outdoor advertising firm in the country. Clear Channel is also one of the most prominent companies in San Antonio, Texas. In short, Clear Channel is a one-of-a-kind company.

4.      Defendants have made clear that they are determined, by any means possible, to destroy the Merger and thus avoid their obligation to fund CC Media's acquisition as they are required to do. Defendants have put forth great effort to deprive Plaintiffs of their vested contractual rights under the Merger Agreement, which Defendants know must close no later than *June 12, 2008*.

5.      To halt Defendants' tortious interference with the Plaintiffs' contract, Plaintiffs filed suit in Bexar County, Texas. In recognition of the potentially catastrophic effects of a failure to provide Plaintiffs with immediate and *ongoing* protection from the Defendants' tortious interference, the requested temporary restraining order was signed on March 26, 2008, and an injunction hearing set for **April 8, 2008,** by Texas State Court District Judge, John Gabriel. By their removal to Federal Court, Defendants hope to avoid the injunction hearing, prolong these proceedings, and cause the failure of the Clear Channel merger before *any* court has the opportunity to address the merits of the matter.

6. For these reasons and those set forth below, the Court should ***immediately*** remand this suit to District Court in Bexar County, Texas, employing its authority to grant remand *sua sponte* if necessary.[3]

## *MOTION FOR REMAND*

### *COMPLETE DIVERSITY DOES NOT EXIST*

7. Defendants' sole basis for removal of this action is their claim that complete diversity exists between the parties, and, therefore, federal jurisdiction exists under 28 U.S.C. § 1332(1)(3). Defendants' Notice Of Removal admits, however, that as a result of the citizenship of Plaintiff CC Media Holdings, Inc., there is no diversity of citizenship.[4] "If Plaintiff CC Media is a proper plaintiff, diversity jurisdiction would therefore be destroyed."[5] On that basis alone, remand is required because diversity jurisdiction admittedly does not exist.[6]

### *DEFENDANTS HAVE NO BASIS FOR REMOVAL*

8. Defendants bear the burden to prove fraudulent joinder.[7] In disregard of both that burden and the law underpinning a party's ability to remove a matter to Federal Court based upon the fraudulent joinder of a party, Defendants assert – ***without any authoritative basis whatsoever*** – that this matter is removable to Federal Court on a fraudulent joinder basis because one of the Plaintiffs is allegedly subject to a forum selection clause that required them to seek justice in New York rather than in the Texas state courts.[8] In a nutshell, Defendants argue that Plaintiff CC Media is bound by a forum selection clause in an agreement to which CC Media is not a party. Defendants, however, cite no authority that says that an

---

[3] The Court can grant remand *sua sponte* "any time before final judgment that it appears that the District Court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *Watson v. Law Enforcement Alliance of America, Inc.*, 451 F.Supp.2d 870, 874 (W.D. Tex. 2006) ("[T]his Court has the authority to remand this case *sua sponte* due to lack of diversity in this cause.").

[4] Notice of Removal at ¶ 8.

[5] *Id.*

[6] 28 U.S.C. §1447(c).

[7] *Travis v. Irby,* 326 F.3d 644, 647-50 (5th Cir. 2003).

[8] *See,* Notice of Removal, at p. 3, paragraph 11.

4

alleged improper choice of forum will serve as a basis for a fraudulent joinder argument, because there is none.

  9.  The test for fraudulent joinder is not whether the State Court forum is appropriate, the test is whether the plaintiff has a colorable claim.[9] Defendants ignore fraudulent joinder precedent, which requires that they demonstrate that Plaintiff CC Media **has no cause of action** against the Defendants.[10] In considering an allegation of fraudulent joinder, a court may deny a motion to remand *only* if the Defendants have proven, by clear and convincing evidence, that there is "no possibility" that the plaintiff can establish a cause of action.[11] To successfully remove a case based on fraudulent joinder of a party to defeat diversity jurisdiction, the removing party bears the burden of proof[12] and must meet a "heavy burden"— one that is *not* met in this case.[13] In fact, the fraudulent joinder standard is similar to the Rule 12(b)(6) standard alleging failure to state a claim.[14]

---

[9] *See, Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281, 1283-84 (11th Cir. 2006) (reversing denial of motion to remand because "we believe there exists at least *some* possibility that [plaintiff's] claim is viable under applicable . . . state law . . ." and declaring that "[o]ur task is not to gauge the sufficiency of the pleadings in this case. Our inquiry is more basic: we must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient" to state a cause of action.) *See also, Chemtreat, Inc. v. Chemtech Chemical Servs., LLC,* 2007 WL 4353420, *4 (E.D.Tex. 12/7/07) (slip copy) (granting motion to remand and stating that "[Defendants] must demonstrate that there is 'no possibility of recovery by the plaintiff . . . , which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.").

[10] *See, e.g., Travis v. Irby,* 326 F.3d 644, 647-50 (5th Cir. 2003) (remanding on the basis that the defendant failed to establish that co-defendant was fraudulently joined for the purpose of defeating diversity jurisdiction).

Additionally, 28 U.S.C. § 1441(b) says that "[a]ny civil action of which the District Courts have jurisdiction founded on a claim or right arising under the Constitution treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served **as defendants** is a citizen of the State in which such action is brought." In other words, all diversity actions -- "any other such action" -- are removable only if a "defendant" properly "joined and served" is a foreigner. The text of the statute thus makes clear that the whole concept of "fraudulent joinder" applies to "defendants," not plaintiffs.

[11] *See, Henderson,* 454 F.3d 1278 at 1281, 1283-84 (requiring defendant alleging fraudulent joinder to prove it existed by "clear and convincing" evidence).

[12] *Delgado v. Shell Oil Co.,* 231 F.3d 165, 178-79 (5th Cir. 2000) ("[T]he burden of persuasion is on the one who cries fraudulent joinder.").

[13] *See Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003) ("The burden of persuasion on those who claim fraudulent joinder is a heavy one.").

[14] *See id.* at 648 ("Our cases have also noted the similarity of the test for fraudulent joinder and the test for a Rule 12(b)(6) motion alleging failure to state a claim.").

10. CC Media – a Delaware corporation—is a party to the Merger Agreement with respect to which Plaintiffs have alleged Defendants' tortious interference under state law.[15] In the absence of complete diversity between the parties, a federal court's authority to hear a matter depends on the well pleaded complaint rule.[16] The well pleaded complaint rule looks only to the face of the plaintiffs' petition in determining whether a claim establishes federal jurisdiction. Only actions that could have been filed in federal court, in the first place, can be removed by a defendant.[17] Accordingly, a claim for federal jurisdiction may not arise from a defendants' counterclaim or affirmative defenses.[18]

11. Indeed, CC Media's claims are identical to those of Clear Channel, also a party to the Merger Agreement.[19] The claims asserted by CC Media against Defendants in the State Court petition carry with them the same weight as those asserted by Clear Channel. Defendants have not attempted to, and, in fact, *could not* demonstrate the inability of Plaintiff CC Media to establish a cause of action against Defendants – particularly given Defendants' admission that CC Media "could and should be a plaintiff" in a lawsuit attacking Defendants' wrongful interference with the Merger Agreement.

12. In fact, Defendants have *pled* that CC media has colorable claims against them. In their removal petition, Defendants state, "[a]t the same time that this action was filed in state court in Texas, the Sponsors themselves filed another action in New York state court seeking relief relating to the same merger transaction . . . **Plaintiff CC Media could, and should, have been named as a plaintiff in that New York action . . .**"[20] This statement, in and of itself, requires remand: when a plaintiff has alleged a "colorable claim," fraudulent joinder is not established.

---

[15] *See,* Petition at pp. 1 – 2, 8 – 9.

[16] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004).

[17] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L. Ed. 2d 318 (1997).

[18] *Id.* at 392.

[19] *See, generally,* Petition.

[20] *See* Defendants' Notice of Removal, at pp.4, paragraph 11.

13.     Defendants' sole argument is that CC Media's claims should have been brought in New York, rather than in Texas.[21] This is not, and never has been, a basis upon which a Court could find fraudulent joinder of a party. The Defendants' spurious reasoning denigrates two centuries of Supreme Court precedent and invites this Court to disregard the proper claims brought by Plaintiff CC Media.

14.     Accordingly, CC Media is a proper plaintiff, and, because it is a non-diverse Delaware entity, Defendants lack a basis for removal of the matter to Federal Court. Therefore, the suit should be remanded to Texas State Court *immediately.*

### *DEFENDANTS' RELIANCE ON A FORUM SELECTION CLAUSE IS MISPLACED*

15.     Additionally, a forum selection clause provides no basis for federal court jurisdiction,[22] and so is irrelevant to the threshold inquiry of whether subject matter jurisdiction exists. Parties cannot create subject matter jurisdiction by agreement.[23] In short, if the Federal District Court does not have jurisdiction to begin with—and here, it does not—the existence of a forum selection clause cannot confer it. It would, therefore, be equally inappropriate for the Federal District Court to determine whether or not to give effect to an alleged forum selection clause that is invoked to seek removal where jurisdiction is absent.[24] Defendants ask that this Court determine the merits of a substantive contractual matter – a defense to Plaintiffs' claims – as a precursor to accepting jurisdiction based upon diversity. This is entirely inconsistent with and contrary to the law.[25]

16.     Accordingly, CC Media is a proper plaintiff, Defendants lack a basis for removal of the matter to Federal Court, and the suit should be remanded to Texas State Court *immediately.*

---

[21] *See,* Defendants' Notice of Removal, at pp. 4, paragraph 11.

[22] *M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 12 (1972).

[23] *Id.*

[24] *See e.g. Automobile Mechanics Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 743 (7th Cir. 2007) ("enforcement of a forum selection clause ...is not jurisdictional; it is a waivable defense . . . .").

[25] The proper procedural mechanism in Texas State Court for attacking an alleged improper choice of forum is a motion to dismiss, plea to the jurisdiction, plea in abatement or similar vehicle. *See, Liu v. Cici Enters., LP*, 2007 WL 43816 (Tex.App.—Houston [14th Dist.] 2007) (memorandum opinion). Removal to Federal Court is *not* a proper procedural mechanism.

*PLAINTIFFS' WERE EACH ENTITLED TO CHOOSE THE TEXAS FORUM*

17. Defendants' argument that CC Media is bound to a forum selection clause in a contract to which it is not a party, also ignores the forum selection clause in the *only* agreement to which CC Media *is a party*. The Merger Agreement requires that any disputes relating to the Merger Agreement are to proceed *only* in the courts of Texas.[26] *Both* Plaintiff CC Media and Plaintiff Clear Channel are bound by this agreement. While Plaintiffs do not agree a *tort claim* is affected by a forum selection clause in a contract, *if* a forum selection clause would prevail in this matter it is the clause set forth in the only agreement to which Plaintiff CC Media *is a party*.

18. Additionally, both Federal Courts and Texas State Courts heavily favor maintaining a lawsuit in the forum of a plaintiff's choice. For more than half a century, it has been well-settled law that a plaintiff's choice of forum should "rarely be disturbed."[27] State and federal courts continue to follow this general rule when defendants request that the court disrupt a plaintiff's choice of forum.[28] Plaintiffs in this matter filed suit in a proper forum which enjoys both subject matter and personal jurisdiction over the parties. Defendants' use of removal as a weapon to disrupt Plaintiffs' choice of forum, *when there is no authority whatsoever in support of their arguments,* should not be permitted.

19. For each of the foregoing reasons, this Court should immediately remand the matter to Texas State Court.

---

[26] Section 9.08(c) of the Merger Agreement reads as follows: "Each of Mergerco, each Parent and the Company *irrevocably submits to the exclusive jurisdiction* of the United States District court for the Western District of Texas and, if the United States District Court for the Western District of Texas does not accept such jurisdiction, *the courts of the State of Texas*, for the purpose of *any action or proceeding arising out of or relating to this Agreement*, and each of the parties hereto *irrevocably agrees that all claims* in respect to such action or proceeding may be heard and determined *exclusively in any Texas state or federal court*." Here, since the Federal Court lacks subject matter jurisdiction, Plaintiff CC Media filed suit in the only forum that could consider its claims of tortious interference relating to the Merger Agreement: the District Court of Bexar County, Texas.

[27] *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

[28] *See, e.g., Coca-Cola Co. v. v. Harmar Bottling Co.*, 218 S.W.3d 671, 688 (Tex. 2006) (finding that "unless the balance [of public and private factors] is strongly in favor of the defendant, a plaintiff's choice of forum should rarely be disturbed.").

### REQUEST FOR ATTORNEYS' FEES AND COSTS

20. Pursuant to 28 U.S.C. § 1447(c), a remanding party may recover its costs and expenses incurred in opposing the removal.[29] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[30]

21. This authority is widely recognized, and exists to prevent abuses of the removal process.[31]

> The removal process is made available for individuals who are being sued in actions that have a legitimate basis to be in federal court. However, there are those, such as Defendants, who attempt to abuse the removal process, by viewing it as nothing more than a strategical move designed to inhibit the progress of a state proceeding and forestall a prospective judgment against them in state court.[32]

22. Plaintiffs properly filed this action in Texas state court. Defendants have attempted to remove this action to Federal Court to avoid a temporary injunction hearing and otherwise stall the proceedings. Defendants have failed, however, to meet their burden of proof to establish either diversity jurisdiction, or fraudulent joinder, the claimed bases for their removal. Because Defendants' removal is patently without any basis in law or fact an award of fees and costs is warranted.[33]

### CONCLUSION

Plaintiffs and Defendants are not citizens of different states and, therefore, diversity jurisdiction does not exist. Plaintiff CC Media has a "colorable" claim against Defendants, so it has not been fraudulently joined. Accordingly, the matter should be remanded to Texas State Court *immediately* in

---

[29] 28 U.S.C. § 1447(c). *See also, First Am. Title Ins. Corp. v. JP Morgan Chase & Co.*, No. 07-00544, 2007 WL 2683820 (W.D. Pa. 2007).

[30] *Id.*

[31] *See, e.g., State of Wis. v. Missionaries to the Preborn*, 796 F. Supp. 389, 392 (E.D. Wisc. 1992) (utilizing its power under Rule 11 to sanction a litigant by entering a temporary restraining order when the litigant removed to avoid a pending state court injunction hearing and noting that the Court "is empowered under Rule 11 to enter the sanction that it finds to be most appropriate given the defendants' abuse of the removal process to effect a delay."); and *ITT Indus. Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307, 308 (4th Cir. 1987).

[32] *See Gordon v. Buntrock*, 2005 WL 20377, at *3 (N.D. Ill. 2005). *See also ITT*, 832 F.2d at 308 (recognizing an award proper when a removal petition was "so patently without merit that the 'inescapable conclusion' is that it was filed in bad faith.").

[33] 28 U.S.C. § 1447(c); *Garcia v. Amfels, Inc.*, 254 F.3d 585, 587 (5th Cir. 2001); *S.M.*, 794 F. Supp. at 640 (remanding the case and granting fees and expenses incurred by the plaintiffs as a result of the removal).

order that the parties may proceed on the merits of Plaintiffs' claims and move forward with the **April 8, 2008** hearing previously set on Plaintiffs' Application For Temporary Injunction.

WHEREFORE, Plaintiffs Clear Channel Communication, Inc. and CC Media Holdings, Inc. pray that the Court remand this matter to Texas State Court and that Plaintiffs are awarded their attorneys' fees and costs incurred in pursuit of remand.

Respectfully submitted,

*[signature: Daniel T. Beck]*   *[signature: by Geo. T. Stubbs with permission]*

| | |
|---|---|
| Joseph D. Jamail, Jr. | David J. Beck |
| State Bar No. 10536000 | State Bar No. 00000070 |
| **JAMAIL & KOLIUS** | **BECK, REDDEN & SECREST, L.L.P.** |
| One Allen Center, Suite 3434 | One Houston Center |
| 500 Dallas Street | 1221 McKinney Street, Suite 4500 |
| Houston, Texas 77002 | Houston, Texas 77010 |
| (713) 651-3000 telephone | (713) 951-3700 telephone |
| (713) 651-1957 facsimile | (713) 951-3720 facsimile |

OF COUNSEL TO CLEAR CHANNEL COMMUNICATIONS, INC.

ATTORNEYS FOR CLEAR CHANNEL COMMUNICATIONS, INC. AGAINST CITIGROUP GLOBAL MARKETS, INC.; CITICORP USA, INC; CITICORP NORTH AMERICA, INC.; CREDIT SUISSE SECURITIES USA, LLC; RBS SECURITIES CORPORATION; WACHOVIA INVESTMENT HOLDINGS, LLC; WACHOVIA CAPITAL MARKETS, LLC; AND DEUTSCHE BANK SECURITIES INC.

*[signature: Ricardo G. Cedillo]*

Ricardo G. Cedillo
State Bar No. 04043600
Les J. Strieber, III
State Bar No. 19398000
**DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
210.822.6666 telephone
210.822.1151 facsimile

ATTORNEYS FOR CLEAR CHANNEL COMMUNICATIONS, INC. AGAINST MORGAN STANLEY SENIOR FUNDING, INC.

11

*Robin C. Gibbs*      *by Jas. T. Hurley with permission*
Robin C. Gibbs
State Bar No. 07853000
Kathy D. Patrick
State Bar No. 15581400
**GIBBS & BRUNS, L.L.P.**
1100 Louisiana, Suite 5300
Houston, TX 77002
713-650-8805 telephone
713-750-0903 facsimile

ATTORNEYS FOR CC MEDIA HOLDINGS, INC. AGAINST CITIGROUP GLOBAL MARKETS, INC.; CITICORP USA, INC; CITICORP NORTH AMERICA, INC.; MORGAN STANLEY SENIOR FUNDING, INC.; CREDIT SUISSE SECURITIES USA, LLC; RBS SECURITIES CORPORATION; AND DEUTSCHE BANK SECURITIES INC.


*Jacks C. Nickens, Jr.*      *by Jas. T. Hurley with permission*
Jacks C. Nickens, Jr.
State Bar No. 15013800
Thomas M. Farrell
State Bar No. 06839250
**NICKENS KEETON LAWLESS FARRELL & FLACK LLP**
600 Travis Street, Suite 7500
Houston, Texas 77002
(713) 571-9191 telephone
(713) 571-9652 facsimile

ATTORNEYS FOR CC MEDIA HOLDINGS, INC. AGAINST WACHOVIA INVESTMENT HOLDINGS, LLC; AND WACHOVIA CAPITAL MARKETS, LLC

## CERTIFICATE OF CONFERENCE

I certify that counsel for Plaintiffs contacted counsel for Defendants in an attempt to confer regarding the substance of this motion. Defendants oppose the relief requested in this motion.

_____
Ricardo G. Cedillo

## CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiffs' Emergency Motion For Remand And Request For Expedited Ruling was served pursuant to the Federal Rules Of Civil Procedure to the following counsel on March 28, 2008:

Lamont Jefferson
HAYNES AND BOONE, L.L.P.
112 East Pecan Street, Suite 900
San Antonio, Texas 78205

S. Mark Murray
2818 Nacogdoches Road
San Antonio, Texas 78217

Michael P. Carroll
Lawrence Portnoy
Brian S. Weinstin
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017

*Attorneys for Defendants*

_____
Ricardo G. Cedillo

T:\\13919.0004rgc\Pleadings-Motions\Emergency_Motion_To_Remand.DOC

13